UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDANTI SYSTEMS LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>MAX SOUND CORPORATION,<br><br>    Defendant. | Case No. 16-cv-02179-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Docket No. 8 |

Plaintiff Vedanti Systems Limited initiated this lawsuit against Defendant Max Sound Corporation on April 22, 2016, "seeking equitable relief so that it does not have to participate in an arbitration . . . to which it never agreed." Compl. ¶ 1. Two days later, Vedanti filed a motion for a preliminary injunction, asking that Max be enjoined "from pursuing claims in arbitration against Vedanti pending the resolution of this matter on the merits." Docket No. 8 (Mot. at 1). Vedanti argued, *inter alia*, that it could not be compelled to arbitrate because it had not entered into any arbitration agreement with Max. Vedanti also argued that Max was precluded, under the doctrine of collateral estoppel, from arguing that the contract that it relied on to initiate the arbitration constituted the arbitration agreement. The matter was initially assigned to Judge Grewal.

On May 3, 2016, the complaint and preliminary injunction motion were served on Max. *See* Docket No. 19 (summons). Three days later, the Court received a letter from Max's Chairman and CFO, asking for thirty days to retain counsel and get counsel up to speed so that it could respond to the complaint and motion. *See* Docket No. 20 (letter).

On May 27, 2016, Judge Grewal issued an order, noting that Max "has not opposed the motion; nor has it appeared in this action at all." Docket No. 24 (Order at 1). Judge Grewal,

however, could not grant Vedanti any relief because Max had not consented to the jurisdiction of a magistrate judge. The matter was thus reassigned to the undersigned on June 9, 2016.

At this point, it is past the thirty days requested by Max so that it could hire counsel and have counsel appear. Max still has not appeared in this lawsuit or otherwise opposed the preliminary injunction motion. Furthermore, based on Vedanti's papers, it appears that there are at least serious questions going to the merits and the balance of hardships tips in Vedanti's papers. Given these circumstances, the Court hereby **GRANTS** Vedanti's motion for a preliminary injunction and orders as follows:

Pending the resolution of this action on the merits, Max is enjoined from pursuing or proceeding in the arbitration proceedings against Vedanti. Vedanti shall not be required to give security as a condition to issuance of this preliminary injunction.

The Court notes that, although it is granting the motion, it is without prejudice to Max. That is, should Max make an appearance in this action, then it may ask the Court to reconsider its preliminary injunction order. Max is advised, however, that it must retain counsel to represent it in this lawsuit, *see* Civ. L.R. 3-(b) (providing that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"), or it may be subject to a default and/or default judgment.

Finally, because Max has made no formal appearance in this action, the Court orders Vedanti to immediately serve a courtesy copy of this order on Max and Greg Halpern (Max's Chairman and CFO). A proof of service shall be filed to confirm such.

This order disposes of Docket No. 8

**IT IS SO ORDERED**.

Dated: June 10, 2016

_____
EDWARD M. CHEN
United States District Judge

2